**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CUMBERLAND TRUCK EQUIP.
CO., et al.,
   Plaintiffs,   CIVIL ACTION NO. 05-CV-74594-DT

 VS.       DISTRICT JUDGE ARTHUR J. TARNOW

DETROIT DIESEL CORP.,  MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
   Defendants.


DIAMOND INT'L TRUCKS,
INC., et al.,
   Plaintiffs,   CIVIL ACTION NO. 05-CV-74930-DT
 VS.
        DISTRICT JUDGE ARTHUR J. TARNOW
DETROIT DIESEL, INC.,
et al.,      MAGISTRATE JUDGE MONA K. MAJZOUB
   Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR MODIFICATION OF OCTOBER 18, 2007 ORDER

This matter comes before the Court on Plaintiffs' Motion for Modification and/or Reconsideration of the Order Dated October 18, 2007 filed on November 1, 2007. (No. 05-74594, Docket no. 63; No. 05-74930, Docket no. 52).[1] Defendants filed a Response on November 6, 2007. (Docket no. 65). This matter is now ready for ruling.

The parties agree that this Court's Order of October 18, 2007 should be modified to reflect that Plaintiffs' Responses and Objections to Defendants' First Request for Production of Documents were timely served because of an Order entered by Judge Tarnow which extended the time for responding beyond that allowed by the Federal Rules of Civil Procedure. Therefore, this Court's Order of October

---

[1] Citations to the record will be to case number 05-74594, unless otherwise stated.

18, 2007 is modified to reflect that Plaintiffs filed a timely response to these discovery requests. However, the responses and objections were of the boilerplate nature as noted in this Court's previous Order. Such objections are tantamount to no objection at all. *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL 34059032 at *4 (W.D. Mich. Feb. 13, 2001) ("The court strongly condemns the practice of asserting boilerplate objections to every discovery request."). Therefore, although the objections were timely served, they were as though no objections were served at all. Defendants propose to allow the objections of attorney client privilege and work product doctrine to remain available to Plaintiffs. (Docket no. 65 at 4). The Court will so allow even though these objections were boilerplate as well. The remaining boilerplate objections are waived. The remainder of this Court's Order is unchanged.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Modification (No. 05-74594, Docket no. 63; No. 05-74930, Docket no. 52) is **GRANTED** to the extent set forth above.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:   November 16, 2007          s/ Mona K.Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served on Counsel of Record on this date.

Dated: November 16, 2007            s/ Lisa C. Bartlett
                                    Courtroom Deputy

2