**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CUMBERLAND TRUCK EQUIP.
CO., et al.,
          Plaintiffs,          **CIVIL ACTION NO. 05-CV-74594-DT**

 VS.                              **DISTRICT JUDGE ARTHUR J. TARNOW**

**DETROIT DIESEL CORP.,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
et al.,
          **Defendants.**


**DIAMOND INT'L TRUCKS,
INC., et al.,**
          Plaintiffs,          **CIVIL ACTION NO. 05-CV-74930-DT**
 VS.
                              **DISTRICT JUDGE ARTHUR J. TARNOW**
**DETROIT DIESEL, INC.,**
et al.,                       **MAGISTRATE JUDGE MONA K. MAJZOUB**
          **Defendants.**

                                 /

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE

This matter comes before the Court on Defendants' Motion for Order to Show Cause Why Sanctions Should not Issue for Spoliation of Electronic Evidence filed on September 23, 2008. (No. 05-74594, docket no. 76; No. 05-74930, docket no. 63).[1] Defendant Detroit Diesel Corporation originally filed this motion but other Defendants have joined in the motion. (Docket nos. 81, 82). Plaintiffs have responded. (Docket no. 83). Defendant Detroit Diesel has filed a Reply brief. (Docket no. 85). The parties filed a Joint Statement of Issues on November 17, 2008. (Docket no.

---

[1] Further citations to the record will be to case number 05-74594, unless otherwise indicated.

87). This Court held a hearing on the motion on November 25, 2008. This motion was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 79). The matter is now ready for ruling.

   1.   **Claims**

These are actions brought by a group of truck dealers (formerly Detroit Diesel authorized dealers) alleging price fixing by engine manufacturer Detroit Diesel. The parties are now attempting to complete discovery on Plaintiffs' Motion for Class Certification which was filed on April 30, 2007. Defendants contend that Plaintiffs have failed to preserve certain electronic documents and data, including revenue and expense data, necessary to conduct the analysis of common class-wide impact on class members. Defendants also contend that Plaintiffs' individual user files (email messages) have not been properly retained. Defendant moves for an order for Plaintiffs to show cause why sanctions should not issue based on this alleged spoliation of evidence. Defendants seek sanctions including dismissal of all claims or dismissal of the class allegation claims.

Plaintiffs do not dispute that certain electronic data was not preserved. They argue, however, that no spoliation occurred because there was no intentional destruction of documents, that Defendant will not suffer any prejudice due to this loss of information, and that Defendants' request for sanctions is premature because both class certification and merits discovery is ongoing and the issues for trial have not yet been identified.

   2.   **Governing Law**

Michigan law governs the issues in this action relating to spoliation of evidence. *Adkins v. Wolever*, 520 F.3d 585 (6th Cir. 2008), *vacated and rehearing en banc granted*, (May 23, 2008). Under Michigan law, a court has the authority to sanction a party for failing to preserve evidence

2

that it knows or should know is relevant before litigation is commenced. *Brenner v. Kolk*, 573 N.W.2d 65, 70-71 (Mich. Ct. App. 1997); *Martinez v. General Motors Corp.*, 2007 WL 1429632, slip op. at \*7 (Mich. Ct. App. May 15, 2007). If material evidence has been spoiled or destroyed by one party, the trial court must fashion a sanction that denies that party the fruits of its misconduct, but that does not interfere with that party's right to produce other relevant evidence. *Brenner*, 573 N.W.2d at 70. Spoliation may occur by the failure to preserve crucial evidence, even though the evidence was not technically lost or destroyed. (*Id.*). Although a party is prejudiced by the destruction or spoliation of material and relevant evidence, a party cannot be prejudiced by the destruction or spoliation of irrelevant evidence. *Martinez*, 2007 WL 1429632 at \*8. In that case, a court does not abuse its discretion by declining to sanction a party for the destruction of this superfluous and irrelevant evidence. (*Id.*).

A motion for sanctions for spoliation is more appropriate later in the case when the court is considering motions in limine and other trial administration topics. *Kia Motors America, Inc. v. Autoworks Distrib.*, 2007 WL 4372954, slip op. at \*7 (D. Minn. Dec. 7, 2007) (denying without prejudice motion for sanctions for alleged failure to preserve evidence); *Thompson v. Jiffy Lube Int'l, Inc.*, 2007 WL 608343, slip op. at \*4 (D. Kan. Feb. 22, 2007) (declining to rule on spoliation allegation because discovery currently limited to class certification issues, requested sanction too severe, and trial issues not sufficiently defined). A deferred ruling is especially preferred when the moving party has established only a suspicion of prejudice. *Almarri v. Gates*, 2008 WL 4449858, slip op. at \*3 (D.S.C. Oct. 2, 2008).

**3. Analysis**

The Court finds that this motion is premature. Although Defendants have presented evidence that Plaintiffs Allegheny, Southland, and Texas Truck Centers failed to disable the automatic deletion option of their electronic accounting systems and that this failure resulted in the loss of data, Plaintiff has presented evidence in the form of the affidavit of its expert, Dr. Mackie Mason, that evidence will likely be produced during the discovery period causing the lost evidence to be superfluous or irrelevant.[2] (Docket no. 71, ex. 2). Defendants have at this point shown only a suspicion of prejudice. There is also no showing of an intentional destruction of evidence. Rather, the losses appear to have resulted from Plaintiffs' negligence. Finally, this is not a situation where one party had access to the evidence and derived an advantage therefrom while denying the opposing party access to the evidence. If there is any prejudice, the Plaintiffs will be prejudiced as much if not more by the loss of this data.

Defendants contend that Dr. Mackie Mason dramatically altered the theory of class certification. The Court has reviewed Dr. Mackie Mason's original and supplemental affidavit. The five categories of harm suffered by class members are the same. Defendants specifically argue that two new theories are an "overcharge damages" theory instead of a "lost profits" theory and a change in his theory of warranty lost profits. (Docket no. 85 at 10 & n.5). However, the Court finds no material differences in these theories. An integral part of the "lost profits" theory of the original affidavit was that the class members were charged higher prices than they would have been charged

---

[2] Dr. Mackie Mason states in his affidavit that he and his staff examined an excerpt of a database maintained by Defendant Distributor Penn Detroit Diesel Allison which lists the details of the sale of parts by Penn to class members and non-class members. He believes that these data are typical of the data available from other distributors for the time period relevant to this action. (Docket no. 71 ex.2 at 4).

4

in the absence of the conspiracy. (Docket no. 32 ex. 1 at 12-13). The "overcharge damages" in the supplemental affidavit are the amounts that the class members overpaid on the relevant parts. (Docket no. 71 ex. 2 at 1-2). In addition, the Court discerns no material difference in the approach to warranty lost profits. The section of the supplemental affidavit addressing warranty lost profits and how they will be proved is speculative because discovery is not yet completed. This does not establish a change in theory, however. In summary, although Dr. Mackie Mason has changed the type or at least likely source of the information on which he will base his expert opinions, there has been no showing of a material alteration of his damages theories.

With respect to Plaintiffs' emails, Defendants' argue that the relevant emails produced should predominantly consist of documents created before 2005 but that most emails that have been produced were created after 2005 when this litigation commenced. (Docket no. 76 at 16). Plaintiffs have responded and explained why most emails produced were created after 2005. (Docket no. 71 at 10; docket no. 89). Defendants have shown only a suspicion that emails were not properly preserved.

Because Defendants have failed to show any material change in Dr. Mackie Mason's theories, and because the evidence shows that transactional data may be produced later in this action causing the lost data to be superfluous or irrelevant, Defendants' Motion for an Order to Show Cause will be denied without prejudice.

Plaintiffs are put on notice, however, that future losses of data, whether through negligence or else, are not acceptable. Plaintiffs must put in place effective measures for the remainder of this proceeding to prevent the loss of more data that they know or reasonably should know are relevant to this action.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Order to Show Cause Why Sanctions Should not Issue for Spoliation of Electronic Evidence (No. 05-74594, docket no. 76; No. 05-74930, docket no. 63) is **DENIED WITHOUT PREJUDICE.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: December 03, 2008                s/ Mona K. Majzoub
                                                              MONA K. MAJZOUB
                                                              UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: December 03, 2008                s/ Lisa C. Bartlett
                                                                Courtroom Deputy